IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

| | | |
|---|---|---|
| Studio Method, LLC d/b/a Studio Nantucket, | } | **Civil Action No.** |
| *Plaintiff,* | } | |
| | } | |
| v. | } | **JURY TRIAL DEMANDED** |
| | } | |
| Nantucket Studio, LLC and | } | |
| Vincent Pizzi, | } | |
| *Defendants.* | } | |

---

## COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADE DRESS INFRINGEMENT, AND UNFAIR COMPETITION

Plaintiff Studio Method, LLC d/b/a Studio Nantucket hereby commences this action against Defendants Nantucket Studio, LLC and Vincent Pizzi seeking damages and an accounting, pleading trademark infringement, false designation of origin, trade dress infringement, and unfair competition under 15 U.S.C. § 1125(a) and under the statutory and common law of the Commonwealth of Massachusetts deriving from Defendants' unauthorized and intentional use in United States Commerce of words, terms, names, symbols, devices, and combinations thereof and false designations of origin likely to cause—and that have caused—consumer confusion, mistake, and deception and harm to Plaintiff Studio Method, LLC d/b/a Studio Nantucket.

### *The Parties*

1)      Plaintiff Studio Method, LLC d/b/a Studio Nantucket (hereinafter sometimes referred to as "Studio Nantucket") is a Massachusetts Limited Liability Company with a physical address at 23 Federal Street, Nantucket, Massachusetts  02554 and a principal place of business at

1

231 Madaket Road, Nantucket, Massachusetts 02554. Studio Nantucket is the sole owner of the trademarks, trade dress, and designations of origin identified herein, including the right to sue and recover damages for past infringement.

2)      Plaintiff is informed and believes, and on that basis alleges, that Defendant Nantucket Studio LLC (hereinafter sometimes referred to as "Nantucket Studio") is a Massachusetts Limited Liability Company with a principal place of business at 54 Old South Road, Nantucket, Massachusetts 02554.

3)      Plaintiff is informed and believes, and on that basis alleges, that Defendant Vincent Pizzi is an individual with an address at 78B Charlesbank Way, Waltham, Massachusetts 02453.

*Jurisdiction and Venue*

4)      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338 because the claims for trademark infringement, false designation of origin, trade dress infringement, and unfair competition raised herein pursuant to Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) arise under the laws of the United States.

5)      This Court has supplemental jurisdiction over the state and common law claims pursuant to 28 U.S.C. § 1367 because the state and common law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6)      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c).

7)      This Court has personal jurisdiction over Defendant Nantucket Studio because Nantucket Studio is formed under the laws of the Commonwealth of Massachusetts, has its principal place of business in this District, and has a continuous, systematic, and substantial

presence within this judicial district.

8)     This Court has personal jurisdiction over Defendant Vincent Pizzi because Vincent Pizzi is a resident of this District.

### Factual Allegations

***Plaintiff's use of the Studio Nantucket trademark and Plaintiff's Massachusetts trademark registrations directed thereto***

9)     Plaintiff Studio Method, LLC d/b/a Studio Nantucket was formed as a Massachusetts Limited Liability Company on September 22, 2015 and procured the StudioNantucket.com domain name on October 12, 2015.

10)     Studio Nantucket has used the trademark STUDIO NANTUCKET continuously in interstate commerce and in commerce with an effect on interstate commerce since at least as early as April of 2016 in, among other things, providing exercise and fitness instruction, exercise classes, group fitness classes, group exercise instruction, and physical fitness studio exercise equipment and facilities and since at least as early as May of 2016 in selling branded clothing, including T-shirts, shirts, sweatshirts, hooded sweatshirts, tank tops, socks, leggings, bras, shorts, pants, sweatpants, and jackets, and water bottles.

11)     Studio Nantucket developed and has carefully and consistently maintained brand guidelines and a brand identity including and surrounding the STUDIO NANTUCKET mark that identifies Studio Nantucket as the source of its goods and services not only at its physical location and on its goods but also to consumers online throughout the United States and beyond.

12)     In cooperation with brand design professionals, Studio Nantucket designed a stylized logo version of the Studio Nantucket mark wherein fine lines border the words of the mark

3

with NANTUCKET in a plain block font.



*The STUDIO NANTUCKET Logo*

13)      Also in cooperation with brand and website design professionals, Studio Nantucket developed a brand identity color palette that is consistently maintained relative to Studio Nantucket's physical and online presences with textual and image combinations of blue, grey, and a warm cream color.



*The Studio Nantucket Color Palette*

14)      The STUDIO NANTUCKET mark in plain text and logo forms and the Studio Nantucket color palette are also consistently used and displayed according to Studio Nantucket's brand guidelines in Studio Nantucket's social media profiles to maintain a consistent and continuous brand identity.

15)      Through continuous and consistent usage over the course of years, Studio Nantucket has established valuable trade dress in the studionantucket.com website consisting of the STUDIO NANTUCKET mark in combination with the Studio Nantucket color palette, the website tab comprising the STUDIO NANTUCKET mark with an image of the island of Nantucket, and the look and feel of the website as embodied by the appearance and location of the STUDIO NANTUCKET stylized trademark,

the incorporation of the Studio Nantucket color palette throughout the website, and the array of clickable menu boxes.

16)     The STUDIO NANTUCKET mark and Studio Nantucket's trade dress are used in commerce, are inherently distinctive and have acquired distinctiveness, and are non-functional and, as such, qualify for protection pursuant to, inter alia, 15 U.S.C. § 1125(a).

17)     Studio Nantucket advertises its goods and services under the STUDIO NANTUCKET mark and its brand identity through signage and other usage at its physical location, on and in relation to its equipment, clothing, and other goods, on its website, on social media, through keyword bidding and otherwise on search engines, and in physical and online displays and advertisements, including in newspapers, magazines, and business and trade publications with a great majority of Studio Nantucket's business coming from online advertising.

18)     Through Studio Nantucket's substantial and continuous usage and through extensive advertising, promotion, and media exposure and great effort relating thereto, the STUDIO NANTUCKET mark and the branding and trade dress of Studio Nantucket have acquired substantial goodwill, consumer recognition, and further distinctiveness, becoming well-known not only to consumers on Nantucket but also throughout the United States.

19)     The Studio Nantucket trademark, branding, and trade dress are valuable not only to Studio Nantucket but also to consumers who rely on the same to identify Studio Nantucket as the source of goods and services.

20)     Studio Nantucket is the owner Massachusetts Trademark Registration No. 89322 for the mark STUDIO NANTUCKET, issued July 13, 2020 alleging first use of the mark at least as early as April 25, 2016, relative to "Physical fitness instruction; physical fitness studio services, namely, providing exercise classes, exercise classes with floor-supported platforms with one or

5

more movable portions for exercise, and group fitness classes; physical fitness studio services, namely, providing group exercise instruction, equipment, and facilities; providing fitness and exercise facilities." A true and correct copy of Registration No. 89322 is submitted herewith as Exhibit A.

21) Studio Nantucket is the owner Massachusetts Trademark Registration No. 89407 for the mark STUDIO NANTUCKET, issued August 6, 2020 alleging first use of the mark at least as early as May 9, 2016 relative to "Clothing, namely, T-shirts, shirts, sweatshirts, hooded sweatshirts, tank tops, socks, leggings, bras, shorts, pants, sweatpants, and jackets; water bottles." A true and correct copy of Registration No. 89407 is submitted herewith as Exhibit B.

22) Studio Nantucket is the owner of common law rights in the STUDIO NANTUCKET trademark in plain text and stylized forms and in the Studio Nantucket brand identity and trade dress.

23) By virtue of Studio Nantucket's longstanding use of the STUDIO NANTUCKET trademark and the Studio Nantucket brand identity and trade dress together with Studio Nantucket's investment in the same through substantial effort and expense and in view of the trademark registrations directed thereto, the STUDIO NANTUCKET trademark and the Studio Nantucket brand identity and trade dress together and individually are the valuable intellectual property of Studio Nantucket.

*Defendants' Infringing and Wrongful Acts*

24) Defendant Nantucket Studio was formed as a Massachusetts Limited Liability Company on February 26, 2019 with "marketing agency – full spectrum of marketing communications identity, interactive, print, and advertising" as the general character of the business

according to the records of the Massachusetts Corporations Division.

25)     Nantucket Studio operates the website nantucketstudio.com and holds itself out as offering "strategic marketing & design."

26)     Defendant Vincent Pizzi is identified by Nantucket Studio as the company's Founder and Creative Director.

27)     According to the domain records of whois.com, the nantucketstudio.com website was registered on February 19, 2019, one week before Nantucket Studio was formed as a legal entity.

28)     Nantucket Studio adopted a stylized version of the Nantucket Studio mark wherein fine lines border the words of the mark with NANTUCKET and STUDIO in a plain block font.



*The NANTUCKET STUDIO Logo*

29)     Nantucket Studio adopted a brand identity color palette on its website and elsewhere with textual and image combinations of blue, grey, and a warm cream color.



*The Nantucket Studio Color Palette*

30)     The nantucketstudio.com website includes the NANTUCKET STUDIO mark in combination with the Nantucket Studio color palette, a website tab comprising the NANTUCKET STUDIO mark with an image of the island of Nantucket, a location of the NANTUCKET STUDIO mark on the

website home page corresponding to the location of the location of the STUDIO NANTUCKET mark on the studionantucket.com home page, and an array of clickable menu boxes.

31)     Shortly after Nantucket Studio was formed, in or near May and June of 2019, Plaintiff Studio Nantucket began receiving reports from customers that they had seen, according to them, Studio Nantucket's 'branded vehicle' driving around the Island of Nantucket—but those customers were confused since Studio Nantucket has no such branded vehicle.

32)     In or near July of 2019, that same branded vehicle parked in front of the Studio Nantucket place of business.  Based on the highly-similar logo and based on the vehicle being parked immediately in front of Studio Nantucket's place of business, members of Plaintiff Studio Nantucket suspected that a customer or friend had mocked up the vehicle as a joke.

33)     Studio Nantucket came to determine, however, that the branded vehicle that had been deliberately parked in front of the Studio Nantucket physical location and driven near and around Studio Nantucket's physical location—already producing confusion not only of consumers but also of Studio Nantucket itself—actually belonged to Nantucket Studio as an apparent part of the company's "strategic marketing & design."

34)     By September of 2019, Studio Nantucket observed a substantial increase in its advertising spending for its STUDIO NANTUCKET trademark and related terms coupled with a decrease in internet traffic.

35)     Research showed nantucketstudio.com to be aggressively bidding on keyword advertising based on searches for the STUDIO NANTUCKET trademark and related keywords, including for instance "Studio Nantucket Fitness," with the effect of diverting customers searching for Studio Nantucket and its fitness-related goods and services from the actual studionantucket.com website to search results for and relating to nantucketstudio.com, which does not itself provide fitness-related goods or services.

36)     Consumers and Studio Nantucket have been harmed by the confusion, including with consumers complaining that they were unable to reach Studio Nantucket and that they had gone to

nantucketstudio.com or other links provided by nantucketstudio.com thinking they were reaching Studio Nantucket.

37)     At least by March of 2020, advertisements began appearing using the STUDIO NANTUCKET trademark and terms relating specifically to Studio Nantucket's services, including "*Studio Nantucket", "Studio Nantucket Fitness", "Studio Nantucket Classes", "Studio Nantucket Personal Training", and "Studio Nantucket Class Schedule"*, as search terms but promoting and directing traffic to nantucketstudio.com and to competing fitness facilities thereby creating further actual consumer confusion.

38)     Nantucket Studio has used the nantucketstudio.com website to promote competitors of Studio Nantucket, including at various times at https://www.nantucketstudio.com/project/nantucket-health-club and at https://www.nantucketstudio.com/project/ezia-athletic-club, such that Nantucket Studio is commercially operating directly within the fitness market and further inducing consumer confusion.

39)     Still further, as in the example set forth below, Nantucket Studio has sought to profit from the goodwill associated with the Studio Nantucket mark not only by causing its nantucketstudio.com website to be retrieved in response to search queries for "nantucket studio" but also by promoting competitors of Studio Nantucket within Nantucket Studio's search result advertisement and driving internet traffic thereto thereby further promoting consumer confusion. One such example is set forth below.



*Nantucket Studio Search Engine Advertisement*

40)     Consumers searching for the authentic Studio Nantucket are thus exposed to the confusingly similar Nantucket Studio trademark and are then directed to a confusingly similar nantucketstudio.com website while also potentially being exposed to goods and services identical or related to those of Studio Nantucket.

41)     Further creating consumer confusion, Nantucket Studio has used as part of its "strategic marketing & design" the confusingly similar Nantucket Studio mark on shirts, hats, cups, bags, stickers, and other goods in conjunction with confusingly similar logos and stylizations that appear to be modeled after corresponding, authentic Studio Nantucket goods.

For instance, Studio Nantucket designed a shirt with stylized Studio Nantucket graphics, and Nantucket Studio designed a similar shirt with similar Nantucket Studio stylized graphics. Studio Nantucket designed a cup with stylized graphics, and Nantucket Studio designed a similar cup with similar stylized graphics.  Studio Nantucket designed a bag with stylized graphics, and Nantucket Studio designed a similar bag with similar stylized graphics.  Studio Nantucket designed stickers with stylized graphics, and Nantucket Studio designed similar stickers with similar stylized graphics.

42)    By the use of the confusingly similar Nantucket Studio trademark, by the use of confusingly similar logos and stylizations, by its use of confusingly similar trade dress, and by its other purposeful activities in accordance with its "strategic marketing & design," Nantucket Studio has engaged in a course of conduct designed and implemented to confuse, deceive, and harm consumers, to induce a false association between Studio Nantucket and Nantucket Studio, and to harm Studio Nantucket, and Nantucket Studio is likely to continue this course of conduct and to cause further confusion, deception, and mistake and further harm to Studio Nantucket's valuable rights if permitted.

43)    Evidencing regular and repeated actual consumer confusion, Studio Nantucket has received complaints from deceived and confused customers who were induced to enter the nantucketstudio.com website and who thought 'the Studio Nantucket website has changed' and that Studio Nantucket was failing to return telephone calls.

44)    Even consumers familiar with the authentic Studio Nantucket trademark and website have been confused.  Indeed, one regular client of Studio Nantucket had been confused and deceived into contacting Nantucket Studio thinking it was Studio Nantucket for

approximately a full month before Studio Nantucket and she determined she had been contacting the wrong entity.

45)    Some such longtime customers of Studio Nantucket who mistakenly contacted Nantucket Studio, sometimes for weeks on end, came to believe that Studio Nantucket had permanently closed.

46)    Meanwhile, having received such repeated, confused inquiries, Nantucket Studio made no known effort to rectify the confusion or to inform Studio Nantucket of the same.

47)    Studio Nantucket provided written notice to Nantucket Studio of the STUDIO NANTUCKET trademark and trade dress and of the actual confusion and deception of consumers and the harm to consumers and to Studio Nantucket.  Studio Nantucket demanded that Nantucket Studio cease its wrongful activities, but Nantucket Studio refused and has continued in the same demonstrating Nantucket Studio's ongoing intent to use its "strategic marketing & design" in deliberate disregard for Studio Nantucket's rights thereby confusing consumers, harming Studio Nantucket, and profiting unfairly from the goodwill and value in Studio Nantucket's trademark and trade dress.

48)    Defendant Vincent Pizzi personally participated in and/or directed Nantucket Studio's wrongful conduct.

49)    Defendants Vincent Pizzi and Nantucket Studio acted in a willful and intentional manner to infringe Studio Nantucket's trademark and trade dress rights and otherwise to compete unfairly against Studio Nantucket.

50)    In view of Defendants' repeated refusal to comply with Studio Nantucket's requests to cease their infringing and wrongful conduct, Studio Nantucket was left with no other option but to file the present action to seek redress of Plaintiff's rights.

***Count I***
***False Designation of Origin and Unfair Competition by Defendant Nantucket Studio***
***in Violation of 15 U.S.C. § 1125(a)***

51)     Plaintiff Studio Nantucket incorporates by reference and realleges each of the allegations set forth in Paragraphs 1 through 50 above.

52)     The STUDIO NANTUCKET mark and the branding and trade dress of Plaintiff Studio Nantucket are valid and legally protectable, including through their inherent and acquired distinctiveness and non-functionality, and are owned by Plaintiff Studio Nantucket.

53)     Without Plaintiff Studio Nantucket's consent, Defendant Nantucket Studio has used in United States Commerce and with an effect on United States Commerce, on or in connection with plural goods and services, words, terms, names, symbols, devices and/or combinations thereof and/or false designations of origin that are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Nantucket Studio with Plaintiff Studio Nantucket, or as to the origin, sponsorship, or approval of Defendant Nantucket Studio's goods, services, or commercial activities.

54)     Without limiting the foregoing, Defendant Nantucket Studio's use in United States Commerce of the trademark NANTUCKET STUDIO, which is confusingly similar to Plaintiff's Massachusetts registered trademark STUDIO NANTUCKET trademark, without Plaintiff's consent in connection with the sale, offering for sale, distribution, advertising, and/or promotion of Defendant Nantucket Studio's and others' products and services constitutes unfair competition and a false designation of origin tending wrongfully and falsely to suggest a connection between Plaintiff Studio Nantucket's and Defendant Nantucket Studio's goods and services.

55)     Also without limiting the foregoing, Defendant Nantucket Studio's use in United

13

States Commerce of trade dress, which is confusingly similar to Plaintiff's distinctive and non-functional trade dress, without Plaintiff's consent in connection with the sale, offering for sale, distribution, advertising, and/or promotion of Defendant Nantucket Studio's and others' products and services constitutes unfair competition and a false designation of origin tending wrongfully and falsely to suggest a connection between Plaintiff Studio Nantucket's and Defendant Nantucket Studio's goods and services.

56)    Again without limiting the foregoing, Defendant Nantucket Studio's use in United States Commerce of apparel, cup, bag, and other product designs that are or appear to be modeled after Plaintiff Studio Nantucket's designs and that are confusingly similar thereto without Plaintiff's consent and Defendant Nantucket Studio's other wrongful actions as complained of herein in connection with the sale, offering for sale, distribution, advertising, and/or promotion of Defendant Nantucket Studio's products and services constitutes unfair competition and a false designation of origin tending wrongfully and falsely to suggest a connection between Plaintiff Studio Nantucket's and Defendant Nantucket Studio's goods and services.

57)    Defendant Nantucket Studio had actual knowledge of Plaintiff's ownership and prior use of the STUDIO NANTUCKET mark and Plaintiff's trade dress and has acted knowingly, willfully and maliciously with intent to trade upon Plaintiff's goodwill.

58)    Defendant Nantucket Studio's wrongful acts as alleged herein constitute false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

59)    Defendant Nantucket Studio's continuing wrongful conduct has been willful and deliberate, which renders this an exceptional case within the meaning of 15 U.S.C. § 1117.

60)    As a direct and proximate result of Defendant Nantucket Studio's actions, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at

trial.

61)    As a direct and proximate result of Defendant Nantucket Studio's actions, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

62)    Defendant Nantucket Studio will continue its actions, constituting false designation of origin and unfair competition, unless enjoined by this Court.

### Count II
### False Designation of Origin and Unfair Competition by Defendant Anthony Pizzi in Violation of 15 U.S.C. § 1125(a)

63)    Plaintiff Studio Nantucket incorporates by reference and realleges each of the allegations set forth in Paragraphs 1 through 62 above.

64)    The STUDIO NANTUCKET mark and the branding and trade dress of Plaintiff Studio Nantucket are valid and legally protectable, including through their inherent and acquired distinctiveness and non-functionality, and are owned by Plaintiff Studio Nantucket.

65)    Without Plaintiff Studio Nantucket's consent, Defendant Anthony Pizzi has personally participated in and/or directed the use in United States Commerce, on or in connection with plural goods and services, words, terms, names, symbols, devices and/or combinations thereof and/or false designations of origin that are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Nantucket Studio with Plaintiff Studio Nantucket, or as to the origin, sponsorship, or approval of Defendant Nantucket Studio's goods, services, or commercial activities.

66)    Without limiting the foregoing, Defendant Anthony Pizzi has personally participated in and/or directed the use in United States Commerce of the trademark NANTUCKET

STUDIO, which is confusingly similar to Plaintiff's Massachusetts registered trademark STUDIO NANTUCKET trademark, without Plaintiff's consent in connection with the sale, offering for sale, distribution, advertising, and/or promotion of Defendant Nantucket Studio's and others' products and services constitutes unfair competition and a false designation of origin tending wrongfully and falsely to suggest a connection between Plaintiff Studio Nantucket's and Defendant Nantucket Studio's goods and services.

67)     Also without limiting the foregoing, Defendant Anthony Pizzi has personally participated in and/or directed the use of trade dress, which is confusingly similar to Plaintiff's trade dress, without Plaintiff's consent in connection with the sale, offering for sale, distribution, advertising, and/or promotion of Defendant Nantucket Studio's and others' products and services constitutes unfair competition and a false designation of origin tending wrongfully and falsely to suggest a connection between Plaintiff Studio Nantucket's and Defendant Nantucket Studio's goods and services.

68)     Again without limiting the foregoing, Defendant Anthony Pizzi has personally participated in and/or directed the use of apparel, cup, bag, and other product designs that are or appear to be modeled after Plaintiff Studio Nantucket's designs and that are confusingly similar thereto without Plaintiff's consent and Defendant Anthony Pizzi's other wrongful actions as complained of herein in connection with the sale, offering for sale, distribution, advertising, and/or promotion of Defendant Nantucket Studio's products and services constitutes unfair competition and a false designation of origin tending wrongfully and falsely to suggest a connection between Plaintiff Studio Nantucket's and Defendant Nantucket Studio's goods and services.

69)     Defendant Anthony Pizzi had actual knowledge of Plaintiff's ownership and prior use of the STUDIO NANTUCKET mark and Plaintiff's trade dress and has acted knowingly,

willfully and maliciously with intent to trade upon Plaintiff's goodwill.

70)     Defendant Anthony Pizzi's wrongful acts as alleged herein constitute false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

71)     Defendant Anthony Pizzi's continuing wrongful conduct has been willful and deliberate, which renders this an exceptional case within the meaning of 15 U.S.C. § 1117.

72)     As a direct and proximate result of Defendant Anthony Pizzi's actions, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

73)     As a direct and proximate result of Defendant Anthony Pizzi's actions, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

74)     Defendant Anthony Pizzi will continue its actions, constituting false designation of origin and unfair competition, unless enjoined by this Court.


### Count III
### Trademark Infringement by Defendant Nantucket Studio
### under Massachusetts Statutory and Common Law

75)     Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1 through 74 above.

76)     Plaintiff is the sole owner of all right, title, and interest in and to Massachusetts Trademark Registration Nos. 89322 and 89407 for the valid and legally protectable trademark STUDIO NANTUCKET and the rights to the STUDIO NANTUCKET trademark under Massachusetts common law, including the right to sue and recover for past infringement, and Plaintiff has the authority to bring this suit.

77)     Without permission, Defendant Nantucket Studio has used in commerce

reproductions, copies, or colorable imitations of Plaintiff's STUDIO NANTUCKET trademark in plain text and stylized forms in connection with the sale, offering for sale, distribution, advertising, and/or promotion of Defendant Nantucket Studio's products and services.

78)     Defendant Nantucket Studio's use of reproductions, copies, or colorable imitations of the STUDIO NANTUCKET trademark is likely to cause confusion, or to cause mistake, or to deceive and constitutes trademark infringement under M.G.L. c. 110H, § 14 and under Massachusetts common law.

79)     Defendant Nantucket Studio's wrongful acts as alleged herein were committed with knowledge or in bad faith within the meaning of M.G.L. c. 110H, § 14.

80)     Despite written notice, Defendant Nantucket Studio has engaged and continued to engage in such activities with the purpose and effect of unfairly competing against Plaintiff, of trading upon Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public, and of deceiving consumers into believing that Defendant Nantucket Studio's products and services are associated with, sponsored by, originated from, or are approved by Plaintiff.

81)     As a direct and proximate result of Defendant Nantucket Studio's actions, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

82)     As a direct and proximate result of Defendant Nantucket Studio's actions, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

83)     Defendant Nantucket Studio will continue its actions, constituting trademark infringement, unless enjoined by this Court.

*Count IV*
*Trademark Infringement by Defendant Anthony Pizzi*
*under Massachusetts Statutory and Common Law*

84)     Plaintiff incorporates by reference and realleges each of the allegations set forth in

Paragraphs 1 through 83 above.

85)     Plaintiff is the sole owner of all right, title, and interest in and to Massachusetts

Trademark Registration Nos. 89322 and 89407 for the valid and legally protectable trademark

STUDIO NANTUCKET and the rights to the STUDIO NANTUCKET trademark under

Massachusetts common law, including the right to sue and recover for past infringement, and

Plaintiff has the authority to bring this suit.

86)     Without permission, Defendant Anthony Pizzi has personally participated in and/or

directed the use in commerce of reproductions, copies, or colorable imitations of Plaintiff's

STUDIO NANTUCKET trademark in plain text and stylized forms in connection with the sale,

offering for sale, distribution, advertising, and/or promotion of Defendant Nantucket Studio's

products and services in the Commonwealth of Massachusetts.

87)     Defendant Nantucket Studio's use of reproductions, copies, or colorable imitations

of the STUDIO NANTUCKET trademark is likely to cause confusion, or to cause mistake, or to

deceive and constitutes trademark infringement under M.G.L. c. 110H, § 14 and under

Massachusetts common law.

88)     Defendant Nantucket Studio's wrongful acts as alleged herein were committed with

knowledge or in bad faith within the meaning of M.G.L. c. 110H, § 14.

89)     Despite written notice, Defendant Anthony Pizzi has personally participated in

and/or directed such activities with the purpose and effect of unfairly competing against Plaintiff, of

trading upon Plaintiff's reputation and goodwill by causing confusion and mistake among

19

customers and the public, and of deceiving consumers into believing that Defendant Nantucket Studio's products and services are associated with, sponsored by, originated from, or are approved by Plaintiff.

90)    As a direct and proximate result of Defendant Anthony Pizzi's actions, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

91)    As a direct and proximate result of Defendant Anthony Pizzi's actions, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

92)    Defendant Anthony Pizzi will continue its actions, constituting trademark infringement, unless enjoined by this Court.

### *Count V*
### *Unfair Methods of Competition and/or Unfair or Deceptive Acts or Practices under Massachusetts General Laws Chapter 93A, § 11*

93)    Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1 through 92 above.

94)    By their actions as complained of herein, Defendant Nantucket Studio and Defendant Anthony Pizzi by his personal participation in and/or direction of the activities of Defendant Nantucket Studio have engaged in unfair methods of competition and unfair and deceptive acts or practices in trade or commerce declared unlawful by Massachusetts General Laws Chapter 93A, § 2 or by rule or regulation issued under paragraph (c) of that § 2.

95)    The actions and transactions constituting the unfair method of competition and/or the unfair or deceptive acts or practices complained of herein occurred primarily and substantially within the Commonwealth of Massachusetts.

96)    As a direct and proximate result of Defendant Nantucket Studio's and Defendant Anthony Pizzi's actions, Plaintiff has been damaged.

97)    As a direct and proximate result of Defendant Nantucket Studio's and Defendant Anthony Pizzi's actions, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

98)    Defendant Nantucket Studio's and Defendant Anthony Pizzi's actions as complained of herein were and are willful and/or knowing violations of Massachusetts General Laws Chapter 93A, § 2 whereby, should the Court find for Plaintiff Studio Nantucket, recovery shall be up to three, but not less than two, times such amount of Plaintiff's actual damages together with reasonable attorneys' fees and costs incurred.

### Demand for Jury Trial

Plaintiff most respectfully demands a trial by jury on all issues so triable.

### Prayers for Relief

WHEREFORE, Plaintiff claims damages and prays that judgment be entered in Plaintiff's favor against each of Defendant Nantucket Studio and Defendant Anthony Pizzi, and that Plaintiff be granted the following relief:

A)  Judgment in favor of Plaintiff and against each of Defendant Nantucket Studio and Defendant Anthony Pizzi on all counts;

B)  An Order permanently enjoining each of Defendant Nantucket Studio and Defendant Anthony

Pizzi and their agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with either Defendant from engaging in infringement of the STUDIO NANTUCKET trademark;

C)  An Order permanently enjoining each of Defendant Nantucket Studio and Defendant Anthony Pizzi and their agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with either Defendant from engaging in infringement of the trade dress of Plaintiff Studio Nantucket;

D)  An Order permanently enjoining each of Defendant Nantucket Studio and Defendant Anthony Pizzi and their agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with either Defendant from the actions and transactions constituting the unfair method of competition and/or the unfair or deceptive acts or practices complained of herein;

E)  An Order for the immediate seizure of all infringing materials in the care, custody, or control of either Defendant;

F)  An Order compelling Defendants to deliver up all advertisements and other materials bearing any infringing trademark or trade dress;

G)  An award of Defendant's profits, the damages sustained by Plaintiff, and the costs of the action, together with prejudgment and post-judgment interest for Defendant's wrongful actions pursuant to 15 U.S.C. § 1117;

H)  an award of amplified damages in an amount of three times the damages caused by Defendants based on the exceptional nature of this case within the meaning of 15 U.S.C. § 1117, based on

Defendants' commission of the wrongful acts complained of herein with knowledge or in bad faith within the meaning of M.G.L. c. 110H, § 14, and based on Defendants' willful and/or knowing violations of Massachusetts General Laws Chapter 93A;

I)  an award of attorneys' fees as permitted by law;

J)  an award of pre-judgment, judgment, and post-judgment interest as allowed by law;

K)  an award of all litigation costs and expenses incurred by Plaintiff in connection with this controversy; and

L)  such further relief as the Court deems fair and/or equitable in this case.

Dated:  October 28, 2021                     Respectfully submitted,

                                             Plaintiff Studio Method, LLC
                                             d/b/a Studio Nantucket,
                                             by its Attorney,

                                             */s/ Thomas P. O'Connell*
                                             Thomas P. O'Connell
                                             BBO # 567,644
                                             *O'Connell Law Office*
                                             *tpo@oconnellusa.com*
                                             1026A Massachusetts Avenue
                                             Arlington, MA 02476
                                             Telephone: 781.643.1845
                                             Facsimile: 781.643.1846